UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

DEERFIELD FLORIDA HOUSE, INC.,
on its own behalf and on behalf of
its patients and residents,

    Plaintiff,

VS.

CITY OF DEERFIELD BEACH,

    Defendant.
_____/

**COMPLAINT**

Plaintiff, Deerfield Florida House, Inc. ("Plaintiff" or "Florida House"), on its own behalf and on behalf of its patients and residents, files this action seeking declaratory and injunctive relief and damages against Defendant, the City of Deerfield Beach ("City" or "Deerfield Beach"), and states:

**Introduction**

1. Florida House brings this Americans With Disabilities Act, 42 U.S.C. §12133 and 28 C.F.R. § 35.130(g) ("ADA"), and the Fair Housing Amendments Act of 1988, 42 U.S.C. §3604 ("FHAA") challenge to the City's discriminatory and otherwise arbitrary actions designed to prevent it from opening a medically managed detoxification facility at 504 South Federal Highway, Deerfield Beach, Florida. (The "504 property.") This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337, 1343(a) and 1391(b)(2), 29 U.S.C. § 794(a) and 42 U.S.C. § 12182(a). As will be demonstrated below, the challenged actions were based on both

official and community prejudice against the Florida House's patients who are people in recovery from substance abuse.

2. As will be alleged further below, people in recovery from substance abuse are qualified persons with disabilities entitled to protection from discrimination under the ADA, and their treatment providers such as the Florida House have standing on their own behalf and on behalf of their patients to bring ADA actions such as this.

3. The Florida House is a substance abuse recovery provider located at 505 South Federal Highway, Deerfield Beach, Florida. It includes the adjacent buildings at 475 South Federal Highway and 809 S.E. 5th Court. ("505 property"). Those properties were assembled over a period of ten (10) years.

4. For legal, capital, financial, liability, operating and administrative purposes, the following entities have been formed and currently operate from the Florida House to provide the regimen of services and continuum of care expected from a first-class, accredited recovery facility:

        A. Sunlight Recovery, Inc.

        B. Deerfield Florida House, Inc.

        C. Florida House Physicians Group, Inc.

        D. Sunlight Physicians Group, Inc.

        E. Best Friends, LLC.

        F. Dorado, LLC.

        G. Jo Jo's Snacks & Stuff, LLC.

        H. The Florida House Experience Management Corp.

All of these entities share common management and ownership. Collectively, these entities provide care, treatment and housing for Florida House clients; own the various properties upon which the Florida House is located; and manage, operate and otherwise oversee the daily and long term business functions of the Florida House.

5. For at least the past five years, the City treated the Florida House and its licensed treatment providers as one facility and thereby not subject to any of the City's spacing requirements applicable to multiple facilities.

6. In May 2008, the City of Deerfield Beach adopted an ordinance amending its zoning code with respect to the manner in which it regulates substance abuse facilities. Specifically, this ordinance imposed a 1,000 foot separation requirement from other existing substance abuse treatment facilities as defined by § 397.311(18), Florida Statutes, for properties located in the B-2 Zoning District.

7. Since adopting this ordinance the City has treated the multiple entities listed in paragraph 4 above as one facility. In fact, the City has issued multiple occupational licenses (currently known as "business tax receipts") and provided correspondence from authorized City officials acknowledging that the multiple entities listed in paragraph 4 above comprising the Florida House exist as one facility within 1,000 feet of one another.

8. On December 17, 2010, Gerald Ferguson, Director of Planning and Growth Management, issued Zoning Confirmation Letters for the properties located at both 504 and 505 South Federal Highway confirming that the substance abuse treatment facilities are a permitted use in the B-2 Zoning District subject to a 1,000 foot separation requirement from other existing facilities. Mr. Ferguson was aware that the 504 property was proposed for an expansion of the Florida House facility located across Federal Highway to the west.

9. In addition to all required State licenses, the Florida House applied for, and the City of Deerfield Beach issued, occupational licenses for each property and each provider that provides necessary services to Florida House clients.

10. Since forming the treatment provider entities and acquiring these properties, the Florida House has annually applied for and renewed all required State licenses for each property and entity.

11. Florida House provides a nearly full continuum of care for alcohol, drug and substance abuse recovery. This continuum includes: comprehensive psychiatric and psychological services, primary residential treatment, family program, day treatment, intensive outpatient, and alumni aftercare and support with follow-up after-treatment.

12. Providing such a continuum of care is part of a model treatment modality promoted and encouraged by Florida and Federal treatment policies and licensure.

13. The only treatment component missing from this continuum of care is medically managed detoxification, and closely supervised housing in that facility after the initial detoxification.

**The Proposed Medically Managed Detoxification Center**

14. Florida House operated without harassment from the City from late 2001 until 2011, but did experience harassment before then between 1999 and 2001. (*See* Exhibit A.)

15. In fact, the Plaintiff renovated and re-vitalized what had been a blighted area of the City, especially at 475 South Federal and 809 S.E. 5th Court, which as recently as 2001 had been a haven for crime, including drugs, alcohol and prostitution.

16. However, in 2011, when Florida House proposed to locate a medically managed detoxification facility at 504 South Federal Highway, the City responded by changing its

Interpretation of Florida House as being one treatment facility to multiple facilities and enacted a so-called zoning-in-progress moratorium targeted against Florida House.

17. Detoxification is the initial medical phase of the recovery process. It is the period of time in which a patient physically withdraws from the use of his drug of choice, be it alcohol, cocaine, marijuana, opiates or other substances. During that phase of recovery, the patient is monitored closely for symptoms of withdrawal and, if necessary, given medications to ease the symptoms.

18. On March 9, 2011, the Florida House submitted Site Plan Application No. 11-B2-110 ("Application") to the City of Deerfield Beach for a substance abuse treatment facility detoxification component at 504 South Federal Highway, Deerfield Beach, Florida ("504 property") that would be operated as an added service component to the existing Florida House 505 property on the west side of Federal Highway. The Application was originally submitted listing the architect as applicant, however, Mr. Ferguson contacted Plaintiff's representatives advising that the Application should be amended and resubmitted in the name of Deerfield Florida House to ensure there is no confusion that the proposed detox facility is a different facility in violation of the B-2 separation requirements.

19. On April 13, 2011, the City's Community Appearance Board considered and approved the proposed landscaping and architecture for this Application.

20. On May 3, 2011 the City Commission adopted a resolution establishing zoning-in-progress for substance abuse treatment facilities located in B-2 and B-3 Zoning Districts, which was a zoning moratorium against substance abuse treatment facilities but not other medical uses. No objective, credible evidence was presented to support any change or moratorium.

21. Resolution No. 2011/ [sic] adopting the so-called zoning-in-progress specifically provides that no zoning applications for substance abuse treatment facilities will be accepted for 210 days: "<u>Any party seeking a business license or development permit of any kind, for any of said uses [substance abuse treatment facilities], shall comply with the regulations adopted during the zoning in progress, which said application shall be held pending the results of the zoning in progress as set forth herein</u>." (emphasis added). The so-called zoning-in-progress would prohibit such facilities within 1,000 feet of residentially zoned areas of the City.

22. A review of the minutes and video from the City Commission meeting make clear that this item was added to the City Commission agenda as a rush item requested by former Vice Mayor Joe Miller (District 1 Commissioner overseeing the property where Florida House is located). Rushing the item onto a City Commission Agenda is inconsistent with standard City protocol, as evidenced by a question raised by another commissioner on the dais during the public hearing for this item. Vice Mayor Miller requested the zoning in progress as a reaction to the Application.

23. On June 2, 2011 the Application was scheduled for consideration by the Planning and Zoning Board. The staff report prepared for this meeting acknowledges that the detoxification facility will be operated in conjunction with the Florida House residential facility located at 809 S.E. 5th Court. In addition, statements and testimony were made on the record during the meeting by City staff, Florida House representatives and members of the public acknowledging that the proposed detoxification facility would be operated as part of the existing Florida House facility located on the west side of Federal Highway. The Planning and Zoning Board decided they wanted additional information and tabled a vote on the Application until the July 7, 2011 Planning and Zoning Board meeting.

24. On July 6, 2011, Mr. Ferguson submitted a compatibility memorandum that included a detailed review of the Application in accordance with the City's compatibility standards set forth in § 98-3 of the Code. In this memorandum, Mr. Ferguson clearly states that "the proposed use (detoxification facility) is a permitted use in B-2 as a substance abuse treatment facility."

25. On July 7, 2011, the Planning and Zoning Board reconvened consideration of the Application that was tabled at the June meeting. Additional evidence and testimony was presented supporting the proposed use, which was requested by the Planning and Zoning Board during the June meeting. Again, multiple statements were made in the record clearly establishing that the Application would be operated in conjunction with the existing Florida House facility located on the west side of Federal Highway. At that meeting, one Deerfield Beach resident claimed another city was being overrun with "drug rehab" and "detox," and that Deerfield Beach had to stop this from happening there; she also claimed "[y]ou are forcing us to offer up our children, our elderly, our special needs population, all of us to the undeniable ugliness that will be, is shown to be associated with these kinds of facilities"; another said to audience applause that "[i]t needs to be in a medical area," "removed from residences and schools"; and others said that it will attract drug dealers; that there were three assault calls in three years to a detox facility in Sterling, New Jersey; that a detox facility will be like "bees to honey"; that drug addicts and criminals will "flock" to Deerfield Beach; that if a patient left detox they might get killed by a neighbor under the "Stand Your Ground Law"; one audience member shouted "[s]upport the NRA"; and that allowing a detox center in that neighborhood will result in their front yards being taken away because of the specter of recovering addicts wandering about. The Planning and Zoning Board voted 4-0 to recommend denial of the Application to the City Commission.

26. The Application was scheduled for consideration by the City Commission at the October 4, 2011 City Commission meeting. Plaintiff was never given the opportunity to present the Application to the City Commission due to the City's recently changed interpretation that Plaintiff consisted of multiple substance abuse treatment facilities that were within 1,000 feet of the proposed 504 treatment facility, therefor prohibiting the latter. ("Interpretation").

27. In addition to the citizen comments referenced above, members of the community repeatedly made numerous biased and prejudicial comments based on stereotypes about people in recovery and other NIMBY-type (not-in-my-back-yard) comments about people in recovery to City officials.

28. Bowing to official and community prejudice against people with disabilities, on September 26, 2011, the City's Director of Planning and Growth Management reversed course and issued a dramatically new interpretation ("Interpretation"), wherein he terminated the City's review of the Application on the misguided basis that the multiple properties, entities and licenses that establish the Florida House constitute separate and distinct facilities in accordance with the Code's definition of a Substance Abuse Treatment Facility, and were subject to the City's 2008 1,000 feet spacing requirements.

29. On October 25, 2011, the Plaintiff sent the City a reasonable accommodation request that its proposed facility at 504 South Federal Highway be treated as part of the existing Florida House; alternatively, that it be exempted from the 2008 ordinance's 1,000 foot spacing requirements from other substance abuse treatment facilities, and that the zoning-in-progress moratorium be lifted. On November 4, 2011, the Plaintiff sent an amended request for reasonable accommodation. (Exhibits B and C).

30. On information and belief, neither reasonable accommodation request will be granted.

## The Parties

31. Plaintiff, Deerfield Florida House, Inc., is a Florida corporation providing substance abuse treatment services and housing.

32. Plaintiff's substance abuse treatment programs are subject to the confidentiality provisions of 42 U.S.C. § 290dd.

33. Plaintiff is or will be a treatment provider and as such is a "person alleging discrimination on basis of disability" under the ADA, 42 U.S.C. § 12133 and 28 C.F.R. § 35.130(g) who has been injured by the City's discriminatory conduct and have suffered damages, economic loss and a loss of civil rights as a result of the City's conduct. Further, Plaintiff provides services to or is otherwise associated with individuals with disabilities, namely its patients who are in active recovery from alcohol or drug abuse.

34. As alleged above and further below, Plaintiff's present and future patients are considered people with disabilities under the ADA, and therefore a protected class. Under the ADA, laws that apply only to individuals with disabilities are facially discriminatory. Thus, it is unlawful for a local government to treat a substance abuse treatment program differently from other health or medical care services. In addition, a local government's refusal to make a reasonable accommodation from its zoning laws constitutes another form of discrimination under the ADA.

35. The City is a Florida municipal corporation. As such, it is and was acting under color of state law. The City exercises enforcement and interpretive authority over zoning ordinances, and otherwise provides zoning services.

36. All actions complained of herein occurred in Broward County, Southern District of Florida. Venue lies in the Southern District of Florida pursuant to 28 U.S.C. § 1391.

37. As a result of the City's actions, Plaintiff is in doubt about its rights under the ADA and the City's zoning ordinances, the validity of those ordinances, and has a right to obtain a declaration of rights or other equitable or legal relations thereunder.

38. Plaintiff has hired the undersigned and agreed to pay them reasonable attorneys' fees.

39. Plaintiff has suffered damages in lost or delayed profits, lost opportunity, frustration of mission, diminution of market share, and other damages.

40. Plaintiff has attempted to resolve this amicably but to no avail. Florida House has satisfied all conditions precedent and, to the extent that there are any administrative remedies available and required by law to be exhausted, has exhausted them or determined them to be futile.

41. Loss of treatment services is direct and imminent because of the City's refusal to provide Plaintiff with reasonable accommodations as required by law. Florida House, and its disabled patients, will suffer irreparable injury if this Court does not issue a preliminary and permanent injunction. The loss of rights protected by ADA is so serious that, as a matter of law, irreparable injury is presumed. Plaintiff has no adequate remedy at law.

**Statutory and Regulatory Framework for the ADA and FHAA**

42. The ADA requires that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, program, or activities of a public entity, or be subjected to discrimination of any such entity. 42 U.S.C. § 12132. The federal regulations also make it unlawful for a public entity in determining the site or location of a facility that has the purpose or effect of excluding individuals with disabilities from, denying them the benefits of, or otherwise subjecting them to discrimination. 35 C.F.R. § 35.130(4)(I).

43. Plaintiff's patients are qualified persons with disabilities that affect one or more major life activities of central importance to most people's daily lives, including abstaining from alcohol or drug abuse and living independently without a structured supportive setting and a sober housing environment. Plaintiff's criteria for admission to its treatment program are that each of Plaintiff's patients be diagnosed as suffering from dependence, and participate or agree to participate in substance abuse treatment. Florida House's patients are not currently illegally using controlled substances. As such, its patients are "qualified persons with disabilities" within the meaning of the ADA, 42 U.S.C. § 12102(2) and 28 C.F.R. § 35.104.

44. In 1988, Congress amended the Fair Housing Act, 42 U.S.C. §3601, *et seq.*, to extend the guarantee of fair housing to handicapped individuals. Congress also authorized the Secretary of the United States Department of Housing and Urban Development to promulgate regulations to implement the Fair Housing Act. 42 U.S.C. § 3614a.

45. Under the Fair Housing Act, the term "handicap" means, with respect to a person, a "physical or mental impairment which substantially limits one or more of such person's major life activities, a record of such impairment, or being regarded as having such an impairment." 42 U.S.C. §3602(h). The term "physical or mental impairment" includes "alcoholism" and "drug addiction (other than addiction caused by current, illegal use of a controlled substance)." 24 C.F.R. § 100.201.

46. Under the Fair Housing act, it is unlawful to discriminate against or otherwise make unavailable or deny a dwelling to any buyer or renter because of a handicap of that buyer, renter, or person residing in or intending to reside in that dwelling after it is sold, rented, or made available. 42 U.S.C. §3604(f)(1).

47. The Fair Housing Act further provides that it is unlawful to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the

provision of services or facilities in connection with such dwelling, because of the handicap of that person or persons residing in or intending to reside in that dwelling after it is sold, rented, or made available. 42 U.S.C. §3604(f)(2).

48. The federal regulations implementing the Fair Housing Act specifically prohibit, as a discriminatory activity, providing municipal services differently because of handicap. 24 C.F.R. § 100.70 (d)(4).

49. The federal regulations further make it unlawful, because of handicap, "to restrict or attempt to restrict the choices of a person by word or conduct in connection with seeking, negotiating for, buying or renting a dwelling so as to . . . discourage or obstruct choices in a community, neighborhood or development. 24 C.F.R. §100.70(a).

50. The City is treating Plaintiff and its patients in a discriminatory fashion, and is imposing far more stringent land use requirements on substance abuse treatment providers than it imposes upon comparable medical uses for patients who are not suffering from chemical dependency.

## COUNT I
### (Declaratory Relief on the ADA claims)

51. Plaintiff incorporates and realleges paragraphs 1 through 50 as if fully rewritten herein.

52. Plaintiff is in doubt about its rights, status or other equitable or legal relations which are affected by part of the City's zoning code, regulations made under statutory authority, and the failure or refusal to make a reasonable accommodation thereto, and seek a declaration of rights, status or other equitable or legal relations thereunder.

53. There is a bona fide, actual present need for the declaration.

54. The declaration deals with a present, ascertainable state of facts or present controversy.

55. Some immunity, power, privilege or right of the complaining parties is dependent on the facts or the law applicable to the facts.

56. Plaintiff and its patients have an actual present and antagonistic interest in the subject matter of the City's zoning ordinances, either in law or fact.

57. The antagonistic interests are all before the court by proper process.

58. The relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded by curiosity.

59. If a declaratory judgment is not granted, the rights of parties may be seriously affected and one or more parties may be harmed and continue to be harmed.

WHEREFORE, Plaintiff respectfully requests this court:

A. Declare that the City's so-called zoning-in-progress moratorium which provides that no zoning applications for substance abuse treatment facilities will be accepted for 210 days but does not apply to other medical providers, violates the ADA;

B. Declare that the City spacing requirements for substance abuse treatment facilities, but which do not apply to other medical provider uses, violate the ADA;

C. Declare that Florida House and its patients are entitled to a reasonable accommodation as a matter of law; and,

D. Award costs and attorneys' fees.

**COUNT II**
**(Injunctive Relief and Damages Under the ADA)**

60. Plaintiff incorporates and realleges paragraphs 1 through 50 as if fully rewritten herein.

61. Defendant City is violating Plaintiff and its patients' rights under the ADA, 42 U.S.C. §§ 12101, *et seq.*, and its implementing regulations by:

    A. Discriminating against Plaintiff and its patients, denying and otherwise making treatment unavailable to them because of its disability;

    B. Applying the City's zoning laws in an arbitrary and capricious manner thereby denying Plaintiff and its patients their choice of treatment within the boundaries of the City;

    C. Discriminating against Plaintiff and its patients because of the disability of its patients in the terms, conditions, and privileges of receiving treatment in the B-2 district and in the provision of services and facilities; and

    D. Employing its zoning code to banish and reject Plaintiff and its patients because of their disability.

WHEREFORE, Plaintiff respectfully requests this court:

    A. Enjoin the City's so-called zoning-in-progress moratorium which provides that no zoning applications for substance abuse treatment facilities will be accepted for 210 days but which does not apply to other medical providers;

    B. Enjoin the City from applying its spacing restrictions as to substance abuse treatment providers, but not as to other medical providers;

    C. Enjoin the City to grant Plaintiff and its patients a reasonable accommodation as a matter of law;

    D. Award damages for lost or delayed profits, lost opportunity, frustration of mission, diminution of market share, and any other damages; and,

E.  Award costs and attorneys' fees.

## Count III
### (Injunctive Relief and Damages Under the Fair Housing Amendments Act of 1988)

62.   Plaintiff incorporates by reference paragraphs 1 through 50 as if fully rewritten herein.

63.   The 504 facility will be part of a continuum of treatment and housing provided by Florida House. Patients will reside there during their initial detoxification and then transition to other housing provided by Florida House, while others whose treatment needs require more medical supervision will continue to reside there past their initial detoxification. Under either scenario the 504 facility is a dwelling within the meaning of the FHAA.

64.   The City's moratorium ordinance facially discriminates against persons in recovery and those who provide services to them, such as Plaintiff, and the City's actions in arbitrarily changing its Interpretation and in refusing to grant Plaintiff a reasonable accommodation constitute discrimination on the basis of handicap or disability, in violation of the FHAA.

WHEREFORE, Plaintiff respectfully requests this court:

A.  Enjoin the City's so-called zoning-in-progress moratorium which provides that no zoning applications for substance abuse treatment facilities will be accepted for 210 days but which does not apply to other medical providers;

B.  Enjoin the City from applying its spacing restrictions as to substance abuse treatment providers, but not as to other medical providers, as violating the FHAA;

C.  Enjoin the City to grant Plaintiff and its patients a reasonable accommodation as a matter of law;

D.  Award damages for lost or delayed profits, lost opportunity, frustration of

mission, diminution of market share, and any other damages; and,

   E. Award costs and attorneys' fees.

               Respectfully submitted,

               <u>s/ James K. Green</u>
               JAMES K. GREEN, P.A.
               222 Lakeview Avenue
               Suite 1650, Esperantè
               West Palm Beach, FL, 33401
               Phone: 561.659.2029
               Fax: 561.655.1357
               Florida Bar No.: 229466
               jameskgreen@bellsouth.net

               James C. Brady
               ARNSTEIN & LEHR LLP
               200 East Las Olas Boulevard
               Suite 1700
               Fort Lauderdale, Florida 33301-2299
               Phone: 954.713.7618
               Fax: 954.713.7718
               <u>jcbrady@arnstein.com</u>
               Florida Bar No.: 154804

               COUNSEL FOR PLAINTIFF